EDWIN A. LOMBARD, Judge.
|2The State appeals the juvenile court judgment of May 16, 2013, granting the motion to quash filed by counsel for L.M., the juvenile in this case. After review of the record, we dismiss the appeal without reaching the merits of the State’s argument.

Relevant Facts and Procedural History

On October 19, 2011, the juvenile was charged by petition with theft. On April 11, 2013, after several delays due to competency issues, the matter was set for trial on May 16, 2013. On that date, however, the defendant entered an oral motion to quash the petition. Based on a written motion ordered to be submitted by 4 p.m. that day, the juvenile court granted the motion to quash. The State orally noted its intention to apply for supervisory writ and requested a stay. The juvenile court set a return date of fifteen days within which the State should file its application. On May 21, 2013, the juvenile court issued a judgment affirming the granting of the motion to quash with service instructions to forward a copy to the ADA (Assistant District Attorney) and mail a copy of the judgment to the juvenile’s parent or guardian. That same day, (May 21, 2013), the State filed a written notice of intent to *212 file a writ and was granted a return date of June 21, 2013. On June 25, 2013, the State filed a motion requesting an extension of time | sto file its writ application and the attached order was signed granting the State an extension until July 26, 2013, to file its writ application. On June 28, 2013, a judgment dated June 27, 2013, was signed, affirming that the motion for extension of time had been granted and setting the matter for “Writ Status with the Fourth Circuit” on August 8, 2013. On July 30, 2013, however, the State filed a motion to appeal the judgment of May 16, 2013. The juvenile court judge granted the motion, ordering the clerk of court to compile the record and transcripts for lodging with this court and a devolutive appeal was lodged in this court on August 16, 2013.

Applicable Law

Article 803 of the Louisiana Children’s Code (within Title VIII which pertains to “Delinquency”) provides as follows:
The provisions of this Title shall govern and regulate delinquency proceedings of the courts exercising juvenile jurisdiction. Where procedures are not provided in this Title, or otherwise by this Code, the court shall proceed in accordance with the Code of Criminal Procedure.
La. Ch.Code art. 803.
In turn, Article 332 of the Louisiana Children’s Code provides that except where otherwise provided within a particular Title of the Children’s Code, “appeals shall be taken within fifteen days from the mailing of judgment.” La. Ch.Code art. 332(A).

Discussion

Pursuant to La.Code Crim. Proc. art. 915(B)(1), an adverse judgment on a motion to quash may be appealed by the State. Thus, the proper procedure for contesting the judgment of May 16, 2013, is an appeal.
| ./Therefore, pursuant to La. Ch.Code art. 803, we first look to Title VIII of the Louisiana Children’s Code and then to the Louisiana Children’s Code as a whole for the appropriate procedure before looking to the Louisiana Code of Criminal Procedure[1] to determine the appropriate time period for filing an appeal from a juvenile court judgment. Although there is no relevant provision in Title VIII, Article 332 of the Louisiana Children’s Code clearly provides a fifteen day time period “from the mailing of judgment” in which to file its motion for an appeal.
The judgment granting the motion to quash in this case was issued orally on May 16, 2013, and then confirmed by a written judgment (which included an order to mail the judgment) on May 21, 2013. Thus, given the presumption of regularity,[2] in accordance with the juvenile court judge’s service order to forward it to the State and mail it to the juvenile’s parent or guardian, the time period for filing an appeal from the judgment began on May 21, 2013. The State, however, failed to file a notice of appeal until July 30, 2013, long after the time period had elapsed. That the State erred initially in seeking relief *213 pursuant to a writ application rather than an appeal does not serve to extend the mandated time period for filing a motion to appeal a judgment. As such, the appeal was not timely filed and we are without jurisdiction to hear this appeal.
| sConclusion
The State’s appeal is dismissed without consideration of its merits.
APPEAL DISMISSED.

. The time period provided in the Criminal Code for filing an appeal is slightly longer (thirty days) but does not encompass the seventy-five days between the oral ruling granting the motion to quash and the State's motion for appeal. See La. Code Crim. Proc. art. 914(A) and (B)(1) (motion for appeal may be made orally in open court or by filing a written motion with the clerk, but “must be made no later than thirty days after rendition of the judgment or ruling from which the appeal is taken.”).

. Moreover, the State's notice of intent to apply for a supervisory writ (and subsequent requests for extensions of time) clearly indicates the State’s knowledge of the judgment.